Since the merchandise in this case is similar in all material respects to that the classification of which was involved in *J. M. P. R. Trading Corp. et al.* v. *United States, supra,* and the record is identical, and since both this court and the Court of Customs and Patent Appeals held the merchandise involved in that case to be properly dutiable under paragraph 1211 of the Tariff Act of 1930, by reason of the similitude provisions of paragraph 1559, we here follow the decision of the Court of Customs and Patent Appeals and hold the items of merchandise marked A and checked HM on the invoices to be properly dutiable at the rate of 32½ percent ad valorem under paragraph 1211 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, *supra,* as alleged by the plaintiffs.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.

Judgment will be rendered accordingly.

**No. 60184.**—J. E. Bernard & Company, Inc. *v.* United States, protests 165434–K/3142, etc. (Chicago).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 60185.**—Edward Slutsky, Inc. *v.* United States, protest 215341–K (Minneapolis).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 60186.**—J. E. Bernard & Company, Inc. *v.* United States, protests 223408–K/5185, etc. (Chicago).

329

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

No. 60187.—J. E. Bernard & Co., Inc. *v.* United States, protest 256052–K/6854 (Chicago).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

No. 60188.—Lian Bros., Inc. *v.* United States, protest 215623–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of laces similar in all material respects to those the subject of Abstract 58520, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, AUGUST 23, 1956

No. 60189.—Joseph Poli Company *v.* United States, protest 153001–K (Pittsburgh).

DONLON, Judge: The previous submission of this case was set aside by stipulation, and the case has been resubmitted to the third division as now constituted.

The merchandise which is the subject of this protest consists of religious articles, including altar parts, a pulpit, statues, stations of the cross, and a communion rail and steps. All were imported from Italy for installation in churches and chapels in and near Pittsburgh. The importation was in six shipments, each entered separately as duty free. The entries were made by Joseph Poli Company of Pittsburgh, a partnership, as the importer of record. The claim as to all of the items, save one, is that they are duty-free gifts within the provision of paragraph 1774 of the Tariff Act of 1930.

The six entries cover importations during the period between January 1948 and November 1948, both inclusive. By legislation, which became effective on June 12, 1952, the Congress has amended paragraph 1774 so that it is no longer